## Patterson *v.* Patterson.

*Receivers—Receivers' sales—Setting aside sale—Sale in lot—Sale as a whole.*

Where a receiver advertises that a sale will be made " as a whole or in lots and parcels as may be to the best interest of the trust," but at the sale refuses the request of a prospective buyer to put up the property as a whole, and puts up the property in lots, the sale will be set aside where the prospective buyer enters a bond to bid several thousand dollars more on a resale for the property as a whole.

Argued Oct. 30, 1903.    Appeals, Nos. 175 and 176 by Rosenbaum Company and William Campbell, from decree of C. P. No. 1, Allegheny Co., June T., 1902, No. 755, ordering a resale by a receiver in case of M. C. Patterson, George R. Martin and the Dispatch Publishing Company v. Patterson Dry Goods Company.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Exceptions to auditor's report.

BROWN, J., filed the following opinion:

The Fidelity Title & Trust Company, by decree of this court was appointed receiver of the Patterson Dry Goods Company and directed to sell the company's assets.    In the advertisements of the sale the receiver stated that the property would be sold " as a whole or in lots and parcels, as may be to the best interest of the trust."

At the time and place fixed for the sale the receiver announced that the property would be sold in parcels.    One of the prospective buyers (Kaufmann Brothers) protesting against this method, requested that it be offered as a whole.    This being refused, the sale proceeded and the property was sold in lots or departments to William Campbell and others for $19,145. Kaufmann Brothers still demanding the right to bid upon the property as a whole, and being refused immediately offered $25,000 for the same.    And thereupon certain creditors notified the receiver that an application would be made to court to set aside the sale and order a resale.    This application was made, and after a hearing thereon and the filing of a bond by Kaufmann Brothers to bid $25,000 the sale was set aside and a resale ordered, at which Kaufmann Brothers as the highest bidders purchased the property for $25,000 and paid said sum to the receiver.

The account of the receiver having been filed and confirmed, A. C. Johnston, Esq., was appointed auditor to distribute the fund.    His distribution is the subject of exceptions filed by William Campbell and others, purchasers at the first sale, which this court set aside.

As the right of the exceptants to the increase realized on the resale of the property purchased by them at the first sale turns

on the power of the court to set aside the sale, we are brought at once to the discussion of that question. Had the court—in the exercise of a fair discretion—the power to set aside the first sale and order a resale?

The receiver having advertised that the sale would be made " as a whole or in lots and parcels, as may be to the best interest of the trust," bidders were invited to be present at the sale and bid upon those terms (as a whole or in parcels). And with bidders prepared to bid, some for lots, others for the whole of the property, the rights of bidders, of creditors, and the best interests of the trusts required that the sale be tested as advertised. It was tested one way (by lots) but not the other (as a whole). Until tested both ways, it could not appear whether " the best interests of the trust " would result by one method or the other. Kaufmann Brothers, who by the terms of sale were present to bid for the property as a whole, were not permitted to do so ; and the result was that instead of realizing $25,000 for the property, it was sold in parcels for $19,145—a loss of $5,855.

In the light of these circumstances—justice to creditors and to bidders invited to attend the sale and bid for the property as a whole—the court clearly had power to set aside the sale. Impliedly the sale was subject to confirmation or rejection by the court. As applied to trustees and trust estates within the grasp and circle of its jurisdiction, the power of a court of equity to reject bids and refuse confirmation is well settled.

Believing (*a*) that under the circumstance attending and surrounding the first sale, the court exercised a fair discretion in setting it aside, and (*b*) that the learned auditor properly disposed of the issues before him, the exceptions to his report, and to the action of the court in setting aside the sale, are overruled and his report is confirmed absolutely.

*Error assigned* was in setting aside the sale.

*S. S. Mehard*, with him *B. J. Hirshfield* for appellants.- When the lot of the goods in controversy were knocked down to Rosenbaum Company and to William Campbell, respectively, the property in said goods thereupon vested in said purchasers, subject only to the payment of the price : Ben-

jamin on Sale, secs. 315, 317; Young's Appeal, 2 P. & W. 380; Scott v. Wells, 6 W. & S. 357, 367; Dennis v. Alexander, 3 Pa. 50; Swires v. Brotherline, 41 Pa. 135; Commonwealth v. Hess, 148 Pa. 98, 107–109; Dixon v. Yates, 5 B. & Ad. 313.

It has been uniformly held that inadequacy of price is not a sufficient ground for interfering with the sale: Young's Appeal, 2 P. & W. 380; Carson's Sale, 6 Watts, 140, 147; Swires v. Brotherline, 41 Pa. 135; Cake v. Cake, 156 Pa. 47; Hollister v. Vanderlin, 165 Pa. 248; Media Title & Trust Co. v. Kelly, 185 Pa. 131, 133.

*John D. Brown,* for appellee.

PER CURIAM, November 9, 1903:

The sale was under the control of the court and appellants bought with knowledge of that fact, and of the terms. We do not find any abuse of discretion in the court's interpretation of its own order as to the sale, or its action on the facts before it. The judgment is therefore affirmed for the reasons given by the learned judge in his opinion.